**Michael Scott CHEGWIDDEN,
Petitioner–Appellant,**

v.

**Robert KAPTURE, Warden,
Respondent–Appellee.**

**No. 03–1527.**

United States Court of Appeals,
Sixth Circuit.

March 18, 2004.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, District Judge.*

*ORDER*

Michael Scott Chegwidden, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 16, 1995, Chegwidden was convicted by a jury of conspiracy to commit first-degree home invasion and unarmed robbery. On September 8, 1995, Chegwidden was sentenced as a second habitual offender to a prison term of eighteen to thirty years on the conspiracy charge, and fifteen to twenty-two and one half years on the unarmed robbery charge. His convictions were affirmed on appeal.

As reflected in the magistrate judge's Report and Recommendation, Chegwidden raises the following claims:

I. There was insufficient evidence to convict the petitioner for conspiracy to commit home invasion.

II. Petitioner's Sixth Amendment guarantees were violated when a confidential informer was not required to be present at trial and the trial court prohibited the defendant from attending a suppression hearing.

III. Petitioner was denied his Sixth Amendment jury trial guarantee

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

and the burden of proof was shifted to the defendant when the trial court instructed the jurors that Mr. Weber was not able to specifically identify two coins as taken from his home but some witnesses specifically identified them.

IV. The prosecution misconduct in this case denied the defendant a fair trial and violated his constitutional rights when the prosecution argued that the defense did not prove who committed the crime.

V. The trial court's failure to give an accomplice testimony cautionary instruction in regards to witnesses that the police interviewed whom the trial judge admitted could probably have been charged as accomplices and caused prejudice to the defendant and violated his constitutional rights.

VI. The prosecution's burden of proof was lowered when the trial court instructed the jury that flight could show a consciousness of guilt over defense counsel's objection under the facts of this case.

VII. Petitioner's appointed trial and appellate counsels were ineffective within the meaning of the Sixth Amendment and Const.1963, art I, § 20 and said ineffectiveness prejudiced the defendant.

VIII. If each and every error that occurred in this trial by itself does not warrant a new trial certainly the totality of the errors in the cumulative effect denied the defendant a fair trial.

The matter was referred to a magistrate judge, who recommended that the habeas petition be denied. Specifically, the magistrate judge held that Chegwidden was not entitled to habeas corpus relief with respect to his first claim (insufficiency of the evidence) because the decision of the Michigan Court of Appeals as to this claim was neither contrary to nor involved an unreasonable application of clearly established Federal law nor was it based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d). As to the second claim, the magistrate judge held that the Confrontation Clause was never implicated because the confidential informant never testified against Chegwidden. *See Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The magistrate judge held that Chegwidden's third, fourth, fifth, sixth and eighth claims were barred by Chegwidden's procedural default. Addressing the seventh claim (ineffective assistance of trial and appellate counsel), the magistrate judge held that the decision of the Michigan Court of Appeals finding that trial counsel was not ineffective was not an unreasonable conclusion, *see* 28 U.S.C. § 2254(d), and that Chegwidden failed to show that he received ineffective assistance of appellate counsel, *see Strickland v. Washington,* 466 U.S. 668, 688–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court adopted the report and recommendation over Chegwidden's objections.

The district court refused to issue a certificate of appealability ("COA") with regard to any of Chegwidden's claims. However, this court subsequently granted Chegwidden's COA motion as to the ineffective assistance of trial and appellate counsel claim. Hence, appellate review is limited to the issue that was certified in the COA order. *See* 28 U.S.C. § 2253(c); *Seymour v. Walker,* 224 F.3d 542, 561 (6th Cir.2000).

We review de novo a district court's legal conclusions in habeas corpus actions and review its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). Under the Antiterrorism

and Effective Death Penalty Act, a district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.* The habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998).

Upon review, we conclude that Chegwidden has not demonstrated that his trial counsel's performance constituted ineffective assistance. To establish ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

The Michigan Court of Appeals rejected the claim that Chegwidden's trial counsel was ineffective. The court stated:

Defendant asserts that counsel was ineffective for failing to call certain alibi witnesses, for remarking during closing argument that another man was not responsible for the crime, and for failing to renew the motion to change venue at the conclusion of voir dire. Decisions as to what evidence to present and whether to call or question witnesses are presumed to be a matter of trial strategy, and the failure to call witnesses or present other evidence can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense. In the present case, defendant's alibi defense was presented by other witnesses. There is no showing on this record that other witnesses could have enhanced the defense. Similarly, defense counsel's closing argument must be considered trial strategy. This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it access counsel's competence with the benefit of hindsight. The fact that a strategy does not work does not constitute ineffective assistance of counsel. Finally, as to renewing the motion for a change of venue, the trial judge and counsel conducted a thorough voir dire. As indicated above, the jury exhibited no bias. Counsel is not required to argue a frivolous or meritless motion.

Chegwidden has not shown that the Michigan Court of Appeals decision that he received effective assistance of counsel was unreasonable. *See* 28 U.S.C. § 2254(d).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.